UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.  1:11-cv-22160-KMM

JOSE PIRONA,

        Plaintiff,

v.

TEXAS DE BRAZIL (GULFSTREAM)
CORPORATION, a Florida corporation,
TEXAS DE BRAZIL (MIAMI) CORPORATION,
a Florida corporation, LEILA IZZEDIN,
an individual,

        Defendants.
_____/

## RENEWED JOINT MOTION TO DISMISS CASE WITH PREJUDICE AND TO APPROVE SETTLEMENT

Plaintiff Jose Pirona (referred to herein as "Plaintiff"), and Defendants, Texas De Brazil (Gulfstream) Corporation and Texas De Brazil (Miami) Corporation (collectively referred to herein as "Defendants", and referred to together with Plaintiff as the "Parties"), by and through their respective undersigned counsel, and pursuant to the Court's July 12, 2011 Paperless Notice of Court Practice Upon Notice of Settlement and the Court's July 20, 2011 Motion denying the parties' initial Joint Motion to Dismiss with Prejudice and to Approve Settlement with leave to refile, hereby file this Renewed Joint Motion to Dismiss with Prejudice and to Approve Settlement, and state the following in support thereof:

1.     Plaintiff filed a Complaint on June 15, 2011, alleging Defendants violated the Fair Labor Standards Act, 29 U.S.C. §§ 201-216 ("FLSA"), and seeking unpaid wages and overtime.

1

2. Defendants deny Plaintiff's allegations.

3. To avoid the costs and uncertainty of litigation, however, the Parties have negotiated a settlement of this matter.

4. Pursuant to Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350 (11th Cir. 1982), claims for wages arising under the FLSA may be settled or compromised only with the approval of the Court or Secretary of Labor.

5. The Parties stipulate the amount received by the Plaintiff is the amount he claims he is entitled to and that the settlement is in the best interests of the Parties.

6. The Parties stipulate that the settlement reached between them represents a "fair and reasonable" resolution of all Plaintiff's FLSA claims and all other claims between the Parties, as well as payment for all claims for damages, legal or equitable relief specifically including, but not limited to, compensatory damages, back pay, etc. as might be obtainable under 29 U.S.C. §216(b), which includes Plaintiff's reasonable attorney's fees and costs in full. The Parties also stipulate that the settlement reached between them advances judicial economy.

7. Pursuant to several district court decisions in this Circuit, when the Parties stipulate that the Plaintiff/Employee has been offered a full measure of the wages due, no judicial "scrutiny" is required at all to approve fairness. See Crooms v. Lakewood Nursing Ctr., Inc., No. 3:07-cv-435-J-32TEM, 2008 U.S. Dist. LEXIS 10432, * 2 (M.D. Fla. Feb. 12, 2008):

> However, 'Lynn's Food Stores addresses judicial oversight of 'compromises' of FLSA claims.' Mackenzie v. Kindred Hospitals East, L.L.C., 276 F. Supp.2d 1211, 1217 (M.D. Fla. 2003). When the defendant represents that it has offered the plaintiff at least full compensation on his claim, and the plaintiff has not disputed that representation, the case does not involve a compromise and there is no need for judicial scrutiny. Id.; see also e.g., Park v. American Services Of Central Fla., Inc., No. 6:06-cv-882-Orl-22UAM, 2007 U.S. Dist. LEXIS 40849 at *3 (M.D. Fla. June 5, 2007) ("[w]here the employer offers the plaintiff full compensation on his FLSA

claim, no compromise is involved and judicial approval is not required"). When a plaintiff receives all past due compensation to which he was arguably entitled under the FLSA, 'the settlement is fair.' Aiello v. Daytona Beach Lincoln Mercury, Inc., No. 6:07-cv-1794-Orl-28KRS, 2008 U.S. Dist. LEXIS 867, * 1 (M.D. Fla. Jan. 7, 2008).

8. The Parties further stipulate to the dismissal with prejudice of this action upon approval by the Court as requested above and for the Court to retain jurisdiction in order that either side have the opportunity to file the settlement agreement, in the case of breach, for 60 days from the date of dismissal.

9. As set forth in the settlement agreement, the parties intend to keep the terms of settlement confidential. Accordingly, and in accordance with the Court's Paperless Notice of Court Practice Upon Notice of Settlement, the parties have separately filed the settlement agreement with the Clerk of Court as a sealed document.

WHEREFORE, the Parties respectfully request that this Court approve the Parties' settlement and dismiss this case with prejudice as requested above.

Dated: July 21, 2011

Respectfully submitted,

| Electronic Signatures Affixed With Consent<br><br>/s/ Julisse Jimenez_____<br>Julisse Jimenez, Esq. (Fla. Bar No. 65387)<br>FLORIDA LAW PARTNERS<br>601 Brickell Key Drive, Suite 702<br>Miami, FL 33131<br>Tel: (305) 371-8064<br>Fax: (305) 371-4967<br>Attorney for Plaintiff | /s/Jason Schatz_____<br>David E. Block, Esq. (108820)<br>E-mail: *David.block@jacksonlewis.com*<br>Jason Schatz, Esq. (052849)<br>E-mail: *jason.schatz@jacksonlewis.com*<br>JACKSON LEWIS LLP<br>One Biscayne Tower, Suite 3500<br>2 South Biscayne Boulevard<br>Miami, Florida 33131<br>Telephone: (305) 577-7600<br>Facsimile: (305) 373-4466<br>Attorneys for Defendant |

Case No.:  1:11-cv-22160-KMM

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 21, 2011, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/Jason B. Schatz
Jason B. Schatz, Esq.

Case No.: 1:11-cv-22160-KMM

## SERVICE LIST

**Jose Pirona v. Texas De Brazil (Gulfstream) Corporation,
Texas De Brazil (Miami) Corporation and Leila Izzedin
CASE NO. 1:11-cv-22160-KMM**

Julisse Jimenez, Esq. (Fla. Bar No. 65387)
FLORIDA LAW PARTNERS
601 Brickell Key Drive, Suite 702
Miami, FL 33131
Tel:   (305) 371-8064
Fax:   (305) 371-4967
Attorney for Plaintiff
Via transmission of Notices of Electronic Filing generated by CM/ECF

David E. Block, Esq. (Fla. Bar No. 108820)
*blockd@jacksonlewis.com*
Jason B. Schatz, Esq. (Fla. Bar No. 52849)
*schatzj@jacksonlewis.com*
JACKSON LEWIS LLP
One Biscayne Tower
2 South Biscayne Boulevard, Suite 3500
Miami, FL 33131
Tel: (305) 577-7600
Fax: (305) 373-4466
Attorney for Defendants
Via transmission of Notices of Electronic Filing generated by CM/ECF

4811-7016-9354, v.  1